UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID P VANDAMENT,

    Plaintiff,

v.

COMMANDER MARK DUNCAN *et al*.,

    Defendants.

Case No. C08-5522RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**

**October 10, 2008**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted *in forma papueris* status. The court recommends this action be dismissed, prior to service. The facts and causes of action plaintiff is attempting to pursue call into question the validity of his guilty plea and conviction.

    Plaintiff names as defendants in this action Commander Mark Duncan of the Port Orchard Police, Detective E. Jerry Martin, Prosecutor Robert L Nanon, The City of Port Orchard, and Kitsap County (Dkt. # 1, proposed complaint).

REPORT AND RECOMMENDATION
Page - 1

# FACTS

Plaintiff alleges his constitutional rights were violated on June 2, 2006, When Detective E. Jerry Martin searched his home and a sailboat boat he owned at a local marina. Plaintiff maintains the searches occurred without a warrant (Dkt. # 1, proposed complaint, page 3.1). Plaintiff does not allege he objected to the searches or refused entry to the home or boat. Plaintiff also alleges his constitutional rights were violated on June 2, 2006, when he was arrested by Detective E. Jerry Martin. Plaintiff maintains he was arrested without a warrant (Dkt # 1, proposed complaint, page 3.2). Plaintiff also alleges he was held for more than 48 hours without a "determination of probable cause" on the June 2, 2006, arrest (Dkt # 1, proposed complaint, page 3.3). Plaintiff was released on fifty thousand dollars bail on June 5, 2006, (Dkt # 1, proposed complaint, page 3.4).

On August 22, 2006 Plaintiff's bail was raised to one hundred and fifty thousand dollars bail. Plaintiff alleges his rights were violated by this change in bail (Dkt # 1, proposed complaint, page 3.4). In his complaint, plaintiff neglects to inform the court that when bail was originally set he had not been charged with a crime. In August a charge of Child Molestation in the First Degree was filed. An arrest warrant was issued, and plaintiff was again taken into custody (Dkt # 1, proposed complaint, Exhibits 9 to 13). Plaintiff posted the one hundred and fifty thousand dollar bail and was released.

Nine days later, after another victim came forward, an amended information was filed. Plaintiff was charged with one count of Child Molestation in the First Degree and one count of Rape of a Child in the First Degree. Plaintiff was again taken into custody. This time bail was placed at one million dollars. Plaintiff did not post bail. Plaintiff contends this arrest was without a warrant and again violated his rights. Plaintiff again alleges his home was searched in violation of his rights and that the access card to the marina where his sailboat was moored was also taken.

Plaintiff alleges he was again held more then 48 hours without a "probable cause determination" and this was yet another violation of his rights (Dkt # 1, proposed complaint page 3.6). Plaintiff's final claim is that press releases and statements made by Commander Duncan violated his Eighth Amendment right against cruel and unusual punishment, were slander, denied him equal protection, and were "prejudicial" (Dkt. # 1, proposed complaint, page 3.7). Plaintiff plead guilty to two felonies. It appears from the exhibits those felonies were, Molestation of a Child in the First Degree, and Rape of a Child in the

First Degree (Dkt # 1, proposed complaint, Exhibits 1 and 20).

## STANDARD OF REVIEW

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Section 1915(e) of the PLRA requires a district court to dismiss an in forma pauperis complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998).

Here, plaintiff's application to proceed *in forma pauperis* was approved and his § 1983 complaint alleges his multiple arrests and searches prior to his conviction were violations of his rights as were many of the pre trial procedures such as time held in custody prior to appearances, or setting of bail.

Plaintiffs' action is a collateral attack to several of the underpinnings for his criminal conviction. When an incarcerated person is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff asks the court to find several searches of his home and boat were unconstitutional. He also asks the court to find the re-setting of bail unconstitutional. He asks the court to find his being held more than 48 hours before appearing before a judge violated his rights. These issues are part and parcel of the criminal process that led to his guilty plea and conviction. This action is an improper collateral challenge to those aspect of the criminal process and a finding in his favor would undermine the propriety of the guilty plea and convictions.

In addition, the prosecutor in this action would be entitled to absolute immunity for his actions. A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. S 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Id. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977).

Finally, plaintiff's Eighth Amendment claim against Commander Duncan for speaking to the press fails as a matter of law. Words alone cannot form the basis of an Eighth Amendment claim. Oltarzewski v. Ruggiero, 830 F. 2d 136 (9th Cir. 1987).

The court recommends this action be **DISMISSED WITHOUT PREJUDICE** prior to service. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall

REPORT AND RECOMMENDATION
Page - 4

have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 10, 2008**, as noted in the caption.

DATED this 8 day of September, 2008.

>　　　　　　　　　　　　　　　　　　/S/ *J. Kelley Arnold*
>　　　　　　　　　　　　　　　　　　J. Kelley Arnold
>　　　　　　　　　　　　　　　　　　United States Magistrate Judge